OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order vacated, petition to confirm the arbitrator’s award denied and motion to vacate the arbitrator’s award granted to the extent of remanding the matter to the arbitrator for a hearing on the limited issue of calculating the value of the equipment recovered by petitioner and, upon such calculation, to reduce the original award in favor of petitioner in the sum of $18,094.10 by said amount.
Following arbitration of petitioner’s claim for damages arising from the alleged breach of an alarm monitoring agreement, the arbitrator issued an award on January 3, 2006 in favor of petitioner in the principal sum of $18,094.10. Thereafter, petitioner commenced this special proceeding to confirm the arbitrator’s award. Appellants United Textiles, Inc. and Usman Ghani opposed the petition and moved to vacate the award on the ground that the award was made more than 15 days after the closing date of the hearing, July 22, 2005. In addition, appellants argued that the arbitrator acted beyond the scope of his authority because the award of $18,094.10 improperly included the sum of $4,665.50, representing the value of alarm equipment which petitioner had recovered prior to the rendering of the award by the arbitrator.
In opposition to the motion, petitioner’s attorney conceded that he had failed to notify the arbitrator that the equipment *41 was recovered and that appellants were entitled to a credit for the value of the equipment, and argued that the arbitrator’s award should be modified to reflect a credit to appellants for the value of the equipment. The Civil Court modified the award by reducing the amount of the award to $13,632.77, which reflected a credit' for the value of the equipment recovered by petitioner, and the court confirmed the award as modified.
On appeal, appellants contend that the award should not have been confirmed by the Civil Court since the rules of the National Arbitration Association (NAA) preclude an arbitrator from making an award more than 15 days after the date of the closing of the hearing. We reject this contention. Although the arbitrator may have failed to adhere to the rules requiring him to make an award within 15 days of the closing of the hearing, appellants did not raise an objection thereto pursuant to the NAA rules or demonstrate any prejudice as a result of the delay (see CPLR 7507; Matter of Jones v Progressive Cas. Ins. Co., 237 AD2d 358 [1997]).
Appellants further contend that the Civil Court was not authorized to modify the award under the circumstances presented. We agree. An arbitrator’s award may be modified upon the grounds specified in CPLR 7511 (c). The criteria for modifying the award are not present in this case, and, thus, the Civil Court exceeded its authority in modifying the arbitrator’s award. Moreover, the arbitrator’s award should have been vacated, rather than confirmed, since appellants were prejudiced by misconduct in the procurement of the award (see CPLR 7511 [b] [1] [i]). Petitioner had an affirmative duty to advise the arbitrator that it had recovered the property in question, and its failure to act in good faith warrants vacatur of the arbitrator’s award (see Matter of Kalgren [Cent. Mut. Ins. Co.], 68 AD2d 549, 553 [1979]). Consequently, the judgment is reversed, the order vacated, and the matter remanded to the same arbitrator (CPLR 7511 [d]) for a new hearing on the limited issue of the value of the equipment recovered by petitioner and for the making of the required deduction.
Pesos, PJ., Weston Patterson and Golia, JJ., concur.